UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MENASHA CORP.,

        Plaintiff,

v.                                                                                                                                 Case No. 07-C-935

ONEBEACON AMERICA INSURANCE CO., et al.,

        Defendants.

**DECISION AND ORDER**

        Plaintiff Menasha Corp. has filed a motion to file an amended complaint and remand the case back to Winnebago County Circuit Court. Menasha originally filed its action in state court – its action there is apparently still pending – and it states that it informed the named defendants that it would be adding an additional defendant, Employers Insurance Company of Wausau ("Employers"), within a month. Employers is a non-diverse defendant, and so Menasha states that it had every reason to expect the case to remain in state court. Before Employers was added as a defendant in the state court action, however, the defendants removed the case to federal court, and now Menasha protests that their attempt at removal should be rejected and the case remanded to state court.

        On September 20, 2007, Menasha Corp. filed a complaint in state court naming seven defendants. Before describing any of the named defendants, the complaint recites the following in its section describing the "Parties":

> Upon information and belief, Employers Mutual Liability of Wisconsin ("Employers") is a corporation organized under the laws of the State of Wisconsin whose principal place of business is in the State of Wisconsin. . . . Employers,

>however, has not been named as a defendant in this lawsuit due to a standstill and tolling agreement between Employers and Menasha that requires each to provide 30 days notice before filing an action against the other. Pursuant to the tolling agreement, Menasha provided notice to Employers on September 18, 2007 that Menasha intends to file suit against it after 30 days. At that time, Menasha will amend its complaint in this action to add Employers as a defendant.

(Compl. ¶¶ 6-7.) By listing Employers before any of the named defendants, the complaint gives a none-too-subtle clue that Employers is a key party to this litigation, whose absence as a defendant is only temporary and due to an unrelated agreement the parties had signed. The other defendants do not plausibly dispute that Employers has a legitimate interest in the action brought by Menasha.

Title 28 U.S.C. § 1447(e) allows a district court in a situation like this to prohibit the amended complaint and deny joinder – because it would destroy diversity – or to effectively allow it and remand the case to state court.[1] As noted, no one disputes that Employers is a *bona fide* defendant with a significant stake in this action; the question, then, is whether the entire case should be remanded to state court, or whether the defendants should be allowed their choice of a federal forum, which would require Menasha to pursue a parallel action separately against Employers in state court.

Not all of the defendants oppose the remand. Those who have joined the opposition suggest that Menasha simply should have waited a month and then named all defendants at the same time. By proceeding as it did, however, Menasha allowed a brief window in which the diverse defendants could remove the case. They did so, and now Menasha should not be heard to complain that they invoked their statutory right to remove the case. Perhaps this is true; but it is also evident from the

---

[1]Because such remands are seldom reviewable, 28 U.S.C. § 1447(d), there is little controlling appellate precedent applying this statute. *See Powerex Corp. v. Reliant Energy Services Inc.,* --- U.S. ----, 127 S.Ct. 2411 (2007).

2

briefs that Menasha's counsel never envisioned that the defendants would seize so opportunistically on this quirk of chronology.[2]

My conclusion that remand is appropriate is underscored by the principal case the defendants cite, *Fehmers v. Ford Motor Co.,* 129 F. Supp.2d 1202, 1204 (S. D. Ind. 2001). There, the court set forth some of the considerations employed by district courts in this circuit when addressing motions to remand under § 1447(e):

> (1) the extent to which the joinder of the nondiverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) the balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed; and (4) any other equitable considerations, including defendants's [sic] interest in maintaining a federal forum.

*Id.* (citations omitted). None of the first three considerations support the defendants' position. Despite their suggestive prose arguing that somehow Menasha was engaged in some sort of scheme to defeat federal jurisdiction, there is no indication – nor is any imaginable – that Menasha's delay in filing suit had any calculated jurisdictional impact. In fact, the opposite is true, as evidenced by the fact that the delay in naming Employers gave the defendants the ability to remove in the first place. In addition, there is no plausible suggestion that a one-month delay in naming a defendant – whatever the reason – was dilatory. In fact, plaintiff sought leave to join Employers within weeks after the defendants removed the case to this court. Finally, there is no hint that the defendants will somehow be prejudiced by allowing the amendment, and the burden upon the plaintiff in maintaining two separate lawsuits is a substantial one.

---

[2]The defendants also suggest that the party cited in the original complaint, Employers Mutual Liability of Wisconsin, is completely different from the defendant Menasha now wishes to name, Employers Insurance Company of Wausau. But it seems clear that the former was simply a predecessor to Employers Insurance.

3

As for the final consideration, the defendants' interest in a federal forum is discounted by the fact that several of them have not opposed the motion for remand. Moreover, it is only by dint of happenstance that the defendants gained the brief window of opportunity to remove the case to federal court, and they have presented no substantive argument for remaining here. Section 1447(e) allows district courts to rebuff such efforts when doing so would serve the interests of justice, and this is one of those occasions.

The plaintiff also seeks attorney's fees linked to the removal. Although the defendants' efforts were perhaps misguided and overly zealous, they have paid the federal court filing fee ($350) and have incurred sufficient of their own expenses such that they may consider themselves appropriately sanctioned without the imposition of additional costs and fees. Though the plaintiff had to file two briefs to obtain this remand, its expenses in so doing are not outside the bounds of what can be expected in the sort of complex civil litigation that this case will no doubt involve. Accordingly, I will decline to award fees and costs.

For the reasons given above, the motion to amend and motion to remand are **GRANTED**; the case is **REMANDED** to the Winnebago County Circuit Court, and the clerk is directed to send a certified copy of this order to the clerk of court for Winnebago County.

**SO ORDERED** this 19th day of December, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge